RODDY ET, PLAINTIFFS, *v.* ANDRIX ET, DEFENDANTS.

Common Pleas Court, Madison County.

No. 22,108. Decided September 23, 1964.

*Mr. Forrest E. Sidener*, for plaintiffs.

*Mr. James B. Patterson, Jr.*, prosecuting attorney, for defendants.

Baynes, J. Plaintiffs in a declaratory judgment action seek a determination as to whether funds arising from a special levy, "for the purpose of the maintenance and operation of schools for retarded children" may be used for acquisition of real estate and construction of a school building.

Plaintiffs are taxpayers. The defendants are the County Commissioners of Madison County and the County Auditor-Clerk to the Commissioners. The issue is raised by the pleadings, although some testimony was adduced as to allegations not in issue.

The levy in question was submitted to the voters at the general election on November 7, 1961. The rate was three tenths of a mill or 30c per thousand of valuation on the tax duplicate. The term of the levy was five years. The levy on the 1962 and 1963 duplicate, together with other funds received for the purpose of maintenance and operation of the retarded children's school, exceeded the need. As a result, the Budget Commission of Madison County reduced the levy on the 1964 collection from three tenths of a mill to two tenths of a mill for maintenance and operation of the school.

At present the school is conducted in a church property. How long this property may be available or suitable, due to increase in enrollment, is problematical. It is probable that

permanent quarters are desirable. This or the suitability, adequacy or inadequacy of any particular quarters is not for this Court to consider or determine. The sole issue before this Court is the legality of using special levy maintenance and operation funds for acquisition of real property.

The authority for submitting a levy to the voters in excess of the ten mill limitation is contained in Section 5705.19, Revised Code. Subsections (F) and (L) provide:

"(F) For the construction or acquisition of any specific permanent improvement or class of improvements which the taxing authority of said subdivision may include in a single bond issue.

"(L) For the maintenance and operation of schools, training centers or workshops for mentally retarded persons."

This section generally provides that the resolution of submission "shall be confined to a single purpose." The number of years such levy can be voted is five years, "except that when the additional rate is for payment of debt charges the rate shall be for the life of the indebtedness."

The words "single purpose" are plain and unambiguous. The several purposes set out in Subsections (A) through (L) are single purposes. "Construction or permanent improvement" is a particular purpose, and "maintenance and operation" is a particular purpose. They are entirely different purposes. Plaintiffs cite no authority or reason whatsoever to support their contention. They do not contend that a resolution of necessity and a ballot therefor can legally be combined in the face of the Statute. Reason will not support the argument that when one particular purpose is submitted to the electorate and approved that another particular purpose is, by implication, also approved, merely because the one purpose approved has produced more funds than the stated purpose required.

Section 5705.01, Revised Code, which precedes Section 5705.19, Revised Code, contains definitions applying to Chapter 5705. *Permanent improvement* is defined as property with a usefulness of five years or more. It is not debatable that real property falls in this class. Operating expenses are defined as expenditures except "for *permanent improvements* . . . interest . . . sinking fund . . . retirement of bonds, notes and

certificates of indebtedness." If it is plaintiffs' intention to contend that "maintenance" used with the word "operation" means "permanent improvement," this would combine two different purposes. The fact is maintenance is consonant, consistent and compatible with the word "operation."

Taxes cannot be justified on equitable consideration. Their burden can only be sustained when authorized by positive law. When taxes are illegally imposed it is the right of a party against whom they are imposed to stay collection by injunction. *Markle* v. *Newton*, 64 Ohio St., 493, 496, 60 N. E., 619.

The taxpayers in the instant suit represent only themselves. Accordingly, taxpayers who are not parties to this case would not be bound by any judgment favorable to plaintiffs' contentions. It is therefore incumbent upon the Court to consider the rights of all taxpayers and the law, no matter what the Court might personally favor.

It is also a rule of construction in tax cases that provisions of a tax statute cannot be extended beyond the clear import of the language used. Nor can their operation be enlarged to embrace subjects not specifically enumerated. *Restaurant Co.* v. *Evatt*, 146 Ohio St., 86, 91, 64 N. E. (2d), 113, 31 Ohio Opinions, 576. Likewise that tax statutes, enacted for the protection of the public, are mandatory requiring substantial compliance and strict construction. 51 Ohio Jurisprudence (2d), 401, Section 322.

The petition contains argumentative allegations respecting the determinations made by the defendant county officials with respect to these funds. It suffices to say that insofar as this record is concerned it demonstrates that these officials have done everything for the retarded children's program that anyone could legally and reasonably do. In this regard we understood plaintiffs' expert witness to say that the equipment and services provided by the Commissioners was superior or excellent.

A declaration of the proper use of the funds produced by the special levy is accordingly filed.