BECKWITH & ASSOCIATES, INC., APPELLEE, *v.* KOSYDAR,
TAX COMMR., APPELLANT.

[Cite as Beckwith & Assoc. v. Kosydar (1977),
49 Ohio St. 2d 277.]

(No. 76-787—Decided March 23, 1977.)

278

*Messrs. Calfee, Halter & Griswold, Mr. John L. Naylor, Jr., Mr. Ronald H. Neill* and *Ms. Virginia D. Benjamin,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Ronald B. Noga,* for appellant.

*Per Curiam.* Tax Commissioner's Rule TX-43-05 provides that the appropriate accounting period under R. C. 5733.05 for corporations in the circumstances of appellee, a business newly-incorporated in 1971, extends from the corporation's incorporation date to December 31, 1971.

Pursuant to R. C. 5733.05, a corporation's annual report determines the value of the issued and outstanding shares of stock of the taxpayer, which is the base or measure of the franchise tax liability. Such determination is made as of the date shown by the report to have been the beginning of the corporation's annual accounting period that includes the first day of January of the tax year.

The value of the issued and outstanding shares of stock of any such corporation is ascertained in accordance with R. C. 5733.05(B). Pursuant to that statute, such value is the sum of the corporation's net income during the year, or portion thereof preceding the date of commencement of its annual accounting period that includes the first day of January of the tax year, allocated or apportioned to this state by means delineated by statute.

R. C. 5733.05(B) is express in its reference to the year "or portion thereof" preceding the date of commencement of the annual corporate accounting span. In this state, it is presumed that, in enacting a law, the General Assembly intended for the statute to be effective in its entirety. R. C. 1.47(B).

R. C. 5733.05(B) became effective on December 20, 1971. The Tax Commissioner promulgated Rule TX-43-05,

effective January 1, 1972, relative to the date on which the value of issued and outstanding shares of corporate stock was to be determined for franchise tax purposes. Paragraph (C) of the rule provides that, pursuant to R. C. 5733.05(B), any corporation, whether on a calendar or fiscal year basis, which was not in business for an entire 12 months prior to the first day of January of the year in and for which its franchise tax report is filed, shall determine the value of its issued and outstanding shares of stock based upon the period ending December 31 of the year preceding the year in and for which the report is filed and during which it was in business in this state.

The logic of Rule TX-43-05 is apparent. Absent the rule, new corporations utilizing the calendar year as the fiscal year automatically would be required to compute their net incomes based upon the span beginning from their incorporation dates to December 31, but other newly-formed corporations would have no basis upon which to compute net income for their first year's franchise tax. These latter corporations, having no accounting period over which to compute their net incomes, would have no such taxable incomes and could escape the net income method of computing the corporate franchise tax.

No persuasive argument has been offered that this was the intent of the General Assembly. As this court noted in *Cleveland* v. *Bd. of Tax Appeals* (1950), 153 Ohio St. 97, 99-100, 91 N. E. 2d 480:

"We should be reminded at the outset that the principle is well established that taxation is the rule and exemption is the exception. There is no presumption favorable to the exemption of property from taxation. An exemption from taxation must be clearly and expressly stated in the statute and must be such only as is authorized by the Constitution. * * *" (Citations omitted.)

Appellee denies that, under its proposed construction of R. C. 5733.05(B), new corporations like itself would to some extent enjoy "exemption" from taxation. However, as appellee frankly submits: "[T]he controlling statutory

language contains no income tax alternative on which to compute the franchise tax for corporations which have not completed a fiscal year prior to 'the first day of January of the tax year.' "

We find that Tax Commissioner's Rule TX-43-05, as applied, is neither unreasonable nor unlawful, and the judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

HERBERT, CELEBREZZE, W. BROWN, SWEENEY and LOCHER, JJ., concur.

O'NEILL, C. J., and P. BROWN, J., dissent.