IN RE ESTATE OF WHITE.

[Cite as In re Estate of White (1986), 25 Ohio St. 3d 355.]

356

(No. 85-865—Decided August 13, 1986.)

*Shumaker, Loop & Kendrick, Thomas G. Pletz* and *Robert A. Koenig,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

SWEENEY, J. The sole issue before the court is whether the Tax Commissioner properly increased the value of stock in two closely held corporations, for estate tax purposes, by listing as an asset of the corpora-

tions the life insurance proceeds that were receivable by the corporations upon the death of the stockholder. The executors of the estate of James F. White, Sr., who was the major stockholder in the two closely held corporations, contend that R.C. 5731.12(A) precludes the commissioner from listing proceeds derived from White's life insurance policies as assets of the corporations because this practice increases the value of White's gross estate.

R.C. 5731.12(A), as effective at the time of White's death, provided:

"The value of the gross estate shall include the value of all property to the extent of the amount receivable by the decedent's estate as insurance under policies on the life of the decedent. The value of the gross estate shall not include any amount receivable as insurance under policies on the life of the decedent by beneficiaries other than the decedent's estate, whether paid directly to such beneficiaries or to a testamentary or inter vivos trust for their benefit."

Appellants-executors first assert that R.C. 5731.12 is a taxing statute that must be strictly construed against the state, with "any doubt [being] * * * resolved in favor of the citizen upon whom or the property upon which the burden is sought to be imposed." *Davis* v. *Willoughby* (1962), 173 Ohio St. 338 [19 O.O.2d 270], paragraph one of the syllabus. The executors then argue that the second sentence of R.C. 5731.12(A) must be construed to prohibit any valuation of a decedent's gross estate that directly or indirectly includes an "amount receivable as insurance under policies on the life of the decedent *by beneficiaries other than the decedent's estate*" (emphasis added), and that because the beneficiaries in this case were two closely held corporations (and not the decedent's estate), the commissioner improperly increased the value of White's estate by including White's life insurance proceeds in the assets of those corporations.

The commissioner counters the executors' first argument by asserting that the second sentence of R.C. 5731.12(A) is an exclusion from taxation that must be strictly construed *against* the taxpayer with any doubt as to the meaning of the exclusion being resolved in favor of taxation. See, *e.g., Beckwith* v. *Kosydar* (1977), 49 Ohio St. 2d 277, 279, [3 O.O.3d 411]; *Tax Comm. of Ohio* v. *Paxson* (1928), 118 Ohio St. 36, 41.

We find the commissioner's characterization of the second sentence of R.C. 5731.12(A) to be persuasive. Although the first sentence of R.C. 5731.12(A) is a taxing provision that requires the *inclusion* of any "amount receivable by the decedent's estate as insurance under policies on the life of the decedent," the second sentence of division (A) *excludes* from taxation any "amount receivable as insurance * * * by beneficiaries other than the decedent's estate." The second sentence of division (A) therefore must be strictly construed. " '* * * [T]axation is the rule and exemption is the exception. There is no presumption favorable to the exemption of property from taxation. An exemption [or exclusion] from taxation must be clearly and expressly stated in the statute * * *.' " *Beckwith* v.

*Kosydar, supra,* at 279, quoting *Cleveland* v. *Bd. of Tax Appeals* (1950), 153 Ohio St. 97, 99-100 [41 O.O. 176].

Guided by the foregoing, we continue our analysis of the relevant statutes and note that the value of White's stock in the agency and the dealership must be included in the value of his gross estate. R.C. 5731.03. The valuation of the decedent's stock is based, in part, upon the corporate assets that were in existence immediately after the decedent's death — *i.e.,* upon formation of the decedent's estate.

In the instant case, the assets of the agency and the dealership, calculated as of the moment after White's death, included amounts receivable as insurance on the life of White. These assets, in combination with corporate liabilities and other factors, were calculated into the value of White's agency and dealership stock, which is a taxable portion of White's gross estate. The executors contend that R.C. 5731.12(A) prohibits the inclusion of White's life insurance proceeds in the valuation of his stock, even though the stock — not the insurance proceeds — is the taxable property directly included in the decedent's gross estate. The executors note that the agency and the dealership were "beneficiaries other than the decedent's estate," and they assert that the gross estate therefore should not include, even indirectly, the "amount receivable [by the corporations] as insurance * * * on the life of [White]."

The commissioner challenges the executors' assertion by noting, in effect, that the only insurance proceeds that indirectly were included in the decedent's gross estate were those that benefited the estate; and, to the extent that White's life insurance proceeds directly increased the value of his agency and dealership stock, such proceeds were "receivable by the decedent's estate" and not within the scope of the exclusory provision of R.C. 5731.12(A).

Based upon the foregoing conflicting interpretations of the applicable statute, it is apparent that considerable doubt exists as to the meaning of R.C. 5731.12(A). With this in mind, we note that "* * * [a] claim of exemption from taxation * * * must rest upon language in regard to which there can be no doubt as to the meaning, and the exemption must be granted in terms too plain to be mistaken." *Tax Comm. of Ohio* v. *Paxson, supra,* at 41. This rule of construction, when combined with the legislature's expressed intent to "include [in the gross estate] the value of all property to the extent of the amount receivable by the decedent's estate as insurance under policies on the life of the decedent," requires us to find in favor of the appellee.

A contrary result is not supported by the applicable rules of construction and would enable certain individuals to circumvent the legislative intent behind the taxing provision (*i.e.,* the first sentence of R.C. 5731.12[A]) simply by procuring life insurance and listing a closely held corporation, in which they are the majority or sole stockholder, as the beneficiary thereof. We therefore hold that "any amount receivable as in-

surance under policies on the life of [a] * * * decedent" by a closely held corporation, in which the decedent was a stockholder, is properly listed as an asset of the corporation when the decedent's stock is valued for estate tax purposes.[2]

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., LOCHER and C. BROWN, JJ., concur.

HOLMES, DOUGLAS and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. Over two generations ago the life insurance industry devised a policy, commonly known as "key man" insurance, to insure small businesses against the untimely death of one or more of the principals. This form of insurance coverage is generally used to protect a company from pecuniary loss resulting from the death of one of its principals or to provide funds to purchase the decedent's interest in the company from his estate.

Many states such as Ohio have enacted a specific exemption from estate taxes for insurance proceeds. R.C. 5731.12(A) states in unequivocal terms that "[t]he value of the gross estate shall not include any amount receivable as insurance under policies on the life of the decedent by beneficiaries other than the decedent's estate * * *." The plain meaning of the language of the statute could not be more clear in its thrust. In this case, the proceeds were received by beneficiaries *other than* the decedent's estate, namely: an agency and an automobile dealership. The proceeds, therefore, are not taxable under R.C. 5731.12(A). Further, decedent did

---

[2] The dissent implies that today's decision ignores the purpose of "key man" insurance policies and imposes a burden on the taxpayer for Ohio estate tax purposes that was not imposed by the federal estate tax. The dissent does not openly take these positions, however, because they are not supported by the record.

First, it should be noted that the values of the agency and the dealership were significantly enhanced by the insurance proceeds that were receivable by the corporations upon White's death; *and,* in computing the value of dealership stock, the commissioner discounted the book value of the stock by thirty-five percent in consideration of the loss of a key man. Thus, assuming that White's insurance policies in fact were designed as "key man" policies, they clearly served their purpose. Second, the record is clear that the commissioner and the Internal Revenue Service used the *same formula* to compute the value of White's agency stock for Ohio and federal estate tax purposes, and the per share value of White's dealership stock was *identical* on the Ohio and federal estate tax returns. The valuation formula used by the commissioner thus placed no burdens on the taxpayer that were not also imposed by the Internal Revenue Service's formula.

Based on the foregoing, it is apparent that today's decision neither discourages the use of "key man" life insurance policies nor imposes wholly unexpected or unprecedented tax burdens upon the decedent's estate.

not purchase the policies of life insurance nor did he hold any indicia of ownership with respect to the policies.[3]

In my view, the plain and simple meaning of the words of this statute precludes the interpretation urged by the majority. The majority permits the Tax Commissioner to accomplish indirectly what the statute prohibits directly. The majority holds that the commissioner is not taxing the proceeds of the insurance policies, but rather the increased value of the shares of corporate stock owned by the decedent and included in his estate. The majority, through its expansive interpretation of R.C. 5731.12(A), sanctions a confiscatory version of the statute. I cannot endorse this attack on a taxpayer through a grossly erroneous interpretation of the Tax Code.

Accordingly, I respectfully dissent.

HOLMES and DOUGLAS, JJ., concur in the foregoing dissenting opinion.

---

[3] The proceeds from key man insurance are exempt from taxation by the federal government under the Internal Revenue Code. Section 2042, Title 26, U.S. Code. These proceeds are not taxable to the estate of the decedent absent substantial indicia of ownership by the decedent such as the retention of the right to change the beneficiary of the policy, the ownership of the policy, or the ability to procure a loan against the policy's cash value. See, *e.g., First Natl. Bank of Midland* v. *United States* (C.A. 5, 1970), 423 F. 2d 1286.