[Cite as *Coppertree Properties, L.L.C. v. Harris, Tax Commr.*, 2024-Ohio-5932.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| COPPERTREE PROPERTIES LLC | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2024 CA 00126 |
| PATRICIA HARRIS, TAX | : | |
| COMMISSIONER OF OHIO | : | |
| | : | OPINION |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:        Appeal from the Ohio Board of Tax
                                                            Appeals, Case No. 2022-1022

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT ENTRY:       December 19, 2024

APPEARANCES:

For Plaintiff-Appellant                        For Defendant-Appellee

ROBERT E. SOLES, JR.                     DAVID YOST
FAITH R. DYLEWSKI                          Ohio Attorney General
6545 Market Avenue North               BY DANIEL G. KIM
North Canton, OH 44721                    30 East Broad Street
                                                            Columbus, OH 43215

*Gwin, J.*

{¶1} This is an appeal from a decision of the Board of Tax Appeals ("BTA") concerning a real property tax exemption. Appellant Coppertree Properties, LLC ["Coppertree"] is a for-profit entity that owns the subject property, which is less than one acre of land holding a modular building that Coppertree claims is owned by the United States Postal Service ("USPS"). Coppertree leases the land to the USPS, and the USPS is required to remove the modular building after the expiration of the lease. Coppertree filed a real property tax exemption application for the 2020 tax year, and it sought an exemption pursuant to R.C. 5709.08, which provides an exemption for public property used for a public purpose. The Tax Commissioner denied the exemption because Coppertree is not a public entity and, therefore, cannot satisfy the requirements of R.C. 5709.08. The BTA affirmed that decision. Coppertree appeals the decision of the BTA.

{¶2} Upon review of the entire record and relevant case law, we find that the decision of the BTA is neither unlawful nor unreasonable; therefore, we affirm the BTA's decision.

### Facts and Procedural History

{¶3} Coppertree filed an Application for Real Property Exemption with the Tuscarawas County Auditor's Office on February 22, 2021. Coppertree purchased the property on March 12, 2019, from the Romana Maple Revocable Trust. Coppertree entered into a lease with the USPS for the subject property, for a term of five years, with an annual rent of $3,600.

{¶4} Coppertree applied for a real property exemption under R.C. 5709.08, which provides for exemption for "public property used exclusively for a public purpose." In a

final determination dated June 7, 2022, the Tax Commissioner denied Coppertree's exemption application. In so doing, the Commissioner noted that only "the existence of a permanent leasehold creates a sufficiently separate interest in property that the lessee may be taxed apart from the owner of the property." The Commissioner also noted ·that because the public purpose exemption statute is explicit in its grant of exemption, "not only must the property be used exclusively for a public purpose, it must be owned by a public entity." Because Coppertree is a private, for-profit entity that owns the subject property, the Commissioner determined that the subject property is not entitled to a real property tax exemption.

{¶5} Coppertree timely appealed the Commissioner's final determination to the BTA. Originally, with the filing of Coppertree's BTA notice of appeal, a merit hearing had been scheduled before the BTA. However, as neither party filed a witness or exhibit list indicating its intent to present new evidence before the BTA, the BTA canceled the hearing; directed the parties to file written argument in lieu of hearing; and invited the parties to show good cause as to why the hearing should be reinstated. Neither party requested reinstatement of the hearing.

{¶6} In a July 15, 2024 Decision and Order ("*BTA Decision*"), the BTA affirmed the Commissioner's final determination, denying the real property tax exemption to Coppertree for the subject property. The BTA first noted that because neither party disclosed any new evidence to be presented at a hearing, its review "is confined to the evidence in the statutory transcript." *BTA Decision* at 2. To this end, the BTA granted the Commissioner's motion to strike extra-record materials that Coppertree attached to its merit brief.

{¶7} The BTA further noted, Coppertree cited four assignments of error in its notice of appeal to the BTA. Three of those refer, in some form, to Coppertree's argument that the subject property at issue is not real property and, instead is either personal property or a business fixture. Id. at 2-3. The BTA rejected this argument, because Coppertree had filed an application for exemption from real property taxation, and that if this were truly the case, then Coppertree's real forum for recourse would have been a County Board of Revision.

{¶8} The BTA also rejected Coppertree's argument that the land qualifies as public property for purposes of R.C. 5709.08. The BTA was skeptical as to whether Coppertree had "properly specified error with regard to the land" - i.e., whether the BTA even had jurisdiction to review that issue. Id. at 3. Regardless, the BTA noted that it is undisputed that Coppertree is "a for-profit private entity, not a public entity" - and, as such, the land is not public property. Id. As the Supreme Court "has been clear that only public property qualifies for exemption under the public property exemption," the BTA determined that the Commissioner correctly denied exemption here. Id. (citing *Carney v. Cleveland,* 173 Ohio St. 56 (1962)).

### *Arguments of the Parties*

{¶9} Coppertree contends that it is entitled to an exemption pursuant to R.C. 5709.08, which provides an exemption for public property used for a public purpose. Coppertree argues that it owns the land and leased the land to the federal government; however, the building on the land is solely owned by the federal government and operated as a post office. Coppertree has no property or ownership rights in the modular building. Coppertree contends that there is no independent use of the modular building other than

as a post office, and when the lease ceases, the modular building remains the property of the United States and is intended to be removed from the realty.

{¶10} Coppertree further contends that property should not be taxed against anyone other than the true owner of the property, and therefore, land owned by a private owner shall not be taxed for the value of improvements owned by the government and used for governmental purposes, citing *Guckenberger v. Toledo* & C. *R. Co.,* 144 Ohio St. 571, 575 (1945).

{¶11} The Commissioner argues that the plain language of R.C. 5709.08 clearly provides that the subject property- owned by Coppertree, a private, for-profit entity - is not "public property" and thus does not qualify for exemption under that statute.

{¶12} The Commissioner distinguishes Coppertree's caselaw because it was not based upon the explicit statutory language that now governs in R.C. 5709.08, and further, the argument is predicated upon a finding that USPS is the true owner of the building, which the BTA correctly found is not clear from the record. Finally, if the building is not real property, the BTA is correct that Coppertree's remedy is with the county auditor and board of revision.

### Assignment of Error

{¶13} Coppertree raises one Assignment of Error,

{¶14} "I. THE BOARD OF TAX APPEALS ACTED UNLAWFULLY AND UNREASONABLY BY UPHOLDING THE TAX COMMISSIONER'S FINDING THAT THE BUILDING OWNED BY THE UNITED STATES GOVERNMENT AND USED EXCLUSIVELY FOR A PUBLIC PURPOSE WAS NOT EXEMPT FROM TAXATION PURSUANT TO R.C. 5709.08."

**Standard of Review**

{¶15} Section 5717.04 of the Ohio Revised Code confers jurisdiction over appeals from the BTA on this Court and further sets forth our standard of review: "If upon hearing and consideration of such record and evidence the court decides that the decision of the board [of tax appeals] appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification." R.C. 5717.04. Accordingly, "[w]hen reviewing a BTA decision, we determine whether the decision is reasonable and lawful; if it is both, we must affirm." *NWD 300 Spring, L.L.C. v. Franklin Cty. Bd. of Revision*, 2017-Ohio-7579, ¶ 13. A judgment is unreasonable when "there is no sound reasoning process" to support such judgment. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶16} We defer to the BTA's factual findings if they are supported by reliable and probative evidence in the record. *Bd. of Edn. of the Westerville City Schools v. Franklin Cty. Bd. of Revision*, 2016-Ohio-1506, ¶ 26. Furthermore, the BTA possesses "wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses that come before it." *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2005-Ohio-3096, ¶ 9. Nevertheless, although the BTA is responsible for determining factual issues, this Court will reverse a BTA decision that is based on an incorrect legal conclusion. *Bd. of Edn. of the Westerville City Schools*, 2016-Ohio-1506, ¶ 21. Such questions of law are reviewed de novo. *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision,*

2017-Ohio-4415, ¶ 7; *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2017-Ohio-2734, ¶ 13.

**Issue for Appellate review:** *Whether the BTA's decision denying the real property tax exemption to Coppertree for the subject property is reasonable and lawful*

{**¶17**} Because laws that exempt property from tax are in derogation of equal rights, they must be strictly construed. *First Baptist Church of Milford v. Wilkins*, 2006-Ohio-4966, ¶ 10; *Campus Bus Serv. v. Zaino*, 2003-Ohio-1915, ¶ 8. The principle of strict construction requires that the statute's language be construed against the exemption, meaning that the onus is on the taxpayer to show that the language of the statute "clearly express[es] the exemption" in relation to the facts of the claim. *Ares, Inc. v. Limbach*, 51 Ohio St.3d 102, 104, (1990); *Lakefront Lines, Inc. v. Tracy*, 75 Ohio St.3d 627, 629 (1996); *H.R. Options, Inc. v. Wilkins*, 2004-Ohio-2085, ¶ 2; *In re Estate of Roberts*, 94 Ohio St.3d 311, 314 (2002). The fact that the burden is on the taxpayer means that "'[i]n all doubtful cases exemption is denied.'" *A. Schulman, Inc. v. Levin*, 2007-Ohio-5585, ¶ 7, *quoting Youngstown Metro. Hous. Auth. v. Evatt*, 143 Ohio St. 268, 273 (1944).

{**¶18**} The statute we must consider is currently codified at R.C. 5709.08 and provides,

(A)(1) *Real or personal property belonging* to the state or United States *used exclusively for a public purpose*, and public property used exclusively for a public purpose, shall be exempt from taxation. (Emphasis added).

{**¶19**} In other words, *both* real and personal property qualify for the public property exemption when it satisfies three prerequisites: "(1) the property must be public

property, (2) the use thereof must be for a public purpose, and (3) the property must be used exclusively for a public purpose." *Carney v. Cleveland*, 173 Ohio St. 56(1962), paragraph one of the syllabus; *Cincinnati v. Testa*, 2015-Ohio-1775, ¶ 17. For property to be considered public property under R.C. 5709.08 requires that there be ownership "by the state or some political subdivision thereof, and title to which is vested directly in the state or one of its political subdivisions, or some person holding exclusively for the benefit of the state." *Dayton Metro. Hous. Auth. v. Evatt*, 143 Ohio St. 10(1944), paragraph one of the syllabus; *Columbus City School Dist. Bd. of Edn. v. Zaino,* 90 Ohio St.3d 496, 499 (2001).

{¶20} On appeal to the BTA, Coppertree attempted to argue that the structure, as opposed to the land, qualified for the exemption because the structure belongs to the USPS and is used exclusively as a post office. Coppertree cites to *Guckenberger v. Toledo* & C. *R. Co.,* 144 Ohio St. 571 (1945) as holding that structures erected by the federal government upon land occupied by it for governmental purposes, under a lease by the terms of which the structures remain federal property and may be removed upon expiration of the lease, are exempt during the period of such use and occupancy. In *Guckenberger,* as in the present case, the Court found that even though the land was taxable because it was owned by a private entity, the structures were not because they were owned by the government. *Guckenberger* at 572; 573. In *Guckenberger,* the Court noted that, "various taxing statutes of this state discloses a requirement that land and improvements thereon be separately valued and the value of each separately stated upon the auditor's duplicate." 144 Ohio St. at 574. The Court found that the fixtures "were

exempt from taxation and should be placed by the county auditor on the 'list of exempted property,' separate and apart from the land covered by the lease." Id. at syllabus.

{¶21} In this regard, the BTA found the record contained insufficient evidence to classify the structure as real property. *BTA Decision* at 3. The BTA further found, "Coppertree leaves open the possibility that the mode (sic.) the building is a (sic.) not real property, the Commissioner is wholly correct that Coppertree's remedy is with the county auditor and board of revision. Similar challenges are regularly made at boards of revision…" Id. citing *Metamora Elevator Co. v. Fulton Cty. Bd. of Revision*, 2015–Ohio–2807.

{¶22} In the *Application for Real Property Tax Exemption and Remission*, filed Feb. 22, 2021, found within the section titled "County Auditor's Findings" is the following information:

> Taxable value in the year of application 2021 (tax year) Land
>
> 2820 Building 20070 Total 22890

SR at 3-5[1]. This section contains the signature of the County Auditor dated February 9, 2021. Id. The record also contains the tax card for the property listing the appraised value of the "Land" at $4,020.00, and the appraised value of the "Improvement" (the structure) at $57,350.00. SR at 22-25.

{¶23} The case at bar mirrors the situation in *Guckenberger* where the Court found that because the fixtures, as opposed to the land itself, were exempt, only the fixtures should be removed from the record and placed on the auditor's list of exempt property. As we have already observed, *both* real and personal property belonging to the

---

[1] The Statutory Record of Proceedings, Board of Tax Appeals Transcript will be referred to as "SR"

United States is exempt from taxation if the other requirements of the statute are met. The Court in *Guckenberger* recognized that the improvements on the land were placed there by the government and belonged exclusively to the United States. 144 Ohio St. at 573-574. Thus, if R.C. 5709.08 were in effect at that time, the first requirement of R.C. 5709.08, that "the real or personal property belong to the state or United States," had been met in *Guckenberger* with respect to the improvements. In the case at bar, the BTA never addressed any of the other requirements of R.C. 5709.08.

**{¶24}** R.C. 5715.271, Burden of Proof, provides, "In any consideration concerning the exemption from taxation of any property, the burden of proof shall be placed on the property owner to show that the property is entitled to exemption. The fact that property has previously been granted an exemption is not evidence that it is entitled to continued exemption."

**{¶25}** As the land is owned by a private, for profit entity, not a public entity, Coppertree has failed to present evidence to show the land is public property entitled to a real property tax exemption pursuant to R.C. 5709.08. *Dayton Metro. Hous. Auth. v. Evatt*, 143 Ohio St. 10 (1944), paragraph one of the syllabus; *Columbus City School Dist. Bd. of Edn. v. Zaino,* 90 Ohio St.3d 496, 499 (2001). Thus, our review of the record indicates the BTA's determination that Coppertree failed to meet its burden of providing probative evidence that the land is entitled to exemption pursuant to R.C. 5709.08 is neither unlawful nor unreasonable[2].

**{¶26}** As we have already observed, whether the structure is classified as real or personal property, it is nonetheless exempt from taxation if the other requirements of R.C.

---

[2] We note that the "original lease" citied in Appellant's brief is not included as part of the record before this Court. *See*, Appellant's brief at 5.

5709.08 are proven. We must now separately review whether the record before us contains probative evidence that the structure in this case, as opposed to the land, belongs to the USPS.

{¶27} Nothing in the record before this Court establishes the ownership of the structure. The "Certificate of Transfer of Title to Leased Property and Lease Assignment and Assumption" and the "Ground Lease" refer only to the land. SR. at 10-21. Although the lease appears to give the USPS the right to make alterations, improvements, attach fixtures and so forth, that is simply a right, it is not conclusive evidence of ownership of the structure. Although this provision is similar to the provision in *Guckenberger,* the Court in that case had evidence that the fixtures were placed upon the land, and owned by the government. 144 Ohio St. 571, 572 - 573. The fact that a structure was placed on the premises, without more, does not prove that it was put there and that it is owned by the USPS. The burden of proof was on Coppertree to present probative evidence to establish the ownership of the structure. Coppertree was offered the opportunity to present additional evidence at a hearing before the BTA; however, it declined the opportunity to present evidence. Nonetheless, whether the structure is classified as real or personal property, it is exempt from taxation if the other requirements of R.C. 5709.08 are proven. Therefore, if the structure is found to be a business fixture or personal property, then Coppertree's remedy for seeking a public property tax exemption would be with the county auditor and board of revision. R.C. 5701.02(C); 5701.03(B); *Metamora Elevator Co. v. Fulton Cty. Bd. of Revision,* 2015–Ohio–2807, ¶23 ("It is apparent that the General Assembly has expressed its intent that fixtures are real property and that business fixtures are personal property[.]").

{¶28} Coppertree has failed to present evidence to prove that the structure belongs to the USPS and that the structure, as opposed to the land, is entitled to a real property tax exemption pursuant to R.C. 5709.08. Thus, our review of the record indicates the BTA's determination that Coppertree failed to meet its burden of providing probative evidence that the structure is entitled to a real property tax exemption pursuant to R.C. 5709.08 is neither unlawful nor unreasonable.

{¶29} Coppertree's sole Assignment of Error is denied.

{¶30} The judgment of the Board of Tax Appeals is affirmed.


By Gwin, J.,

Delaney, P.J., and

Wise, J.,concur