[Cite as *Estate of Stevic v. Bio-Medical Application of Ohio, Inc.*, 121 Ohio St.3d 488, 2009-Ohio-1525.]

ESTATE OF STEVIC ET AL., APPELLEES, *v.* BIO-MEDICAL APPLICATION OF

OHIO, INC., D.B.A. FMC DIALYSIS SERVICES OF RICHLAND COUNTY,

APPELLANT, ET AL.

[Cite as *Estate of Stevic v. Bio-Medical Application of Ohio, Inc.*,

121 Ohio St.3d 488, 2009-Ohio-1525.]

*Limitation of actions — R.C. 2305.113(A) — Definition of "medical claim."*

(No. 2008-0392 — Submitted December 17, 2008 — Decided April 8, 2009.)

APPEAL from the Court of Appeals for Richland County,

No. 2006 CA 0095, 2008-Ohio-33.

_____

SYLLABUS OF THE COURT

For the purposes of the R.C. 2305.113(A) one-year statute of limitations, a
"medical claim" under R.C. 2305.113(E)(3) is a claim that both arises out
of the medical diagnosis, care, or treatment of any person and is asserted
against one or more of the statutorily enumerated medical providers.

_____

CUPP, J.

{¶ 1} In this appeal, appellant-defendant contends that it may claim the
benefit of the one-year "medical claim" statute of limitations contained in R.C.
2305.113(A) against a claim arising out of the medical diagnosis, care, or
treatment of a person even though the claim is not asserted against one of the
medical professionals or facilities ("providers") specifically listed in R.C.
2305.113(E)(3).

{¶ 2} Because R.C. 2305.113(E) defines a "medical claim" for purposes
of R.C. 2305.113(A) not only as a claim that arises out of the medical diagnosis,
care, or treatment of a person but also as one that is asserted against one of the

enumerated providers, we affirm the judgment of the court of appeals and remand the case to the trial court.

**I**

**{¶ 3}** In October 2003, Donald Stevic went to the Richland County Kidney Dialysis Center for dialysis treatment. Appellant, Bio-Medical Application of Ohio, Inc., d.b.a. FMC Dialysis Services of Richland County ("Bio-Medical"), owns and operates the Richland County Kidney Dialysis Center. According to the complaint, employees of the center either physically dropped Stevic or allowed him to fall from a mechanical lift device that was used to move him from a wheelchair and into position for dialysis. As a result of the fall, Stevic suffered a fractured hip, abrasions, and other injuries. In February 2004, Stevic died.

**{¶ 4}** Almost two years later, in October 2005, appellee Betty Stevic, as widow and executor of appellee the estate of Donald Stevic, filed a complaint for personal injuries and other tort damages against appellant, Bio-Medical.

**{¶ 5}** Bio-Medical filed an answer and a motion for judgment on the pleadings. Bio-Medical asserted that notwithstanding Stevic's styling of the claims as claims for personal injury, the claims nevertheless arose in the course of medical treatment, were essentially medical claims falling within the R.C. 2305.113(E)(3) definition of "medical claims," and were subject to the R.C. 2305.113(A) one-year statute of limitations. Further, Bio-Medical contended that the claims were time-barred because Stevic's complaint was filed more than one year after the date of the injury. In a one-sentence entry without any supporting rationale, the trial court granted Bio-Medical's motion for judgment on the pleadings and dismissed Stevic's suit.

**{¶ 6}** Upon review, a divided appellate court concluded that it was not clear from the face of Stevic's complaint whether or not claims based on Mr. Stevic's injuries constituted R.C. 2305.113(E)(3) medical claims, which are

2

subject to the one-year statute of limitations. Specifically, the court stated that it could not unambiguously determine whether the complained-of injuries occurred while Stevic was under the care and direction of a medical provider or in a facility specified in the R.C. 2305.113(E)(3) definition of "medical claim." *Estate of Stevic v. Bio-Medical Application of Ohio, Inc.,* Richland App. No. 2006 CA 0095, 2008-Ohio-33, ¶ 20. Consequently, the appellate court reversed the trial court and remanded the case for a determination of whether Stevic's complaint alleged an R.C.2305.113(E)(3) medical claim. Id., ¶ 20, 23.

**{¶ 7}** Thereafter, Bio-Medical appealed to this court, and we accepted review under our discretionary jurisdiction. *Estate of Stevic v. Bio-Medical Application of Ohio, Inc.,* 118 Ohio St.3d 1432, 2008-Ohio-2595, 887 N.E.2d 1202.

## II

**{¶ 8}** Although an action for bodily injury must generally be brought within two years after the cause of action accrues, R.C. 2305.10(A), certain medical claims are subject to the shorter one-year statute of limitations set forth at R.C. 2305.113.[1] This one-year limitation statute specifically lists and defines the types of claims included within its ambit.

**{¶ 9}** As pertinent to this appeal, "medical claim" has the following specific, defined statutory meaning:

**{¶ 10}** "(3) 'Medical claim' means any claim *that is asserted in any civil action against* a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency

---

1. Although not pertinent to this appeal, the R.C. 2305.113(A) one-year statute of limitations also applies to dental, optometric, and chiropractic claims.

medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, *and that arises out of* the medical diagnosis, care, or treatment of any person. 'Medical claim' includes the following:

**{¶ 11}** "(a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;

**{¶ 12}** *"(b) Claims that arise out of the medical diagnosis, care, or treatment of any person and to which either of the following applies:*

**{¶ 13}** *"(i) The claim results from acts or omissions in providing medical care.*

**{¶ 14}** "(ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment." (Emphasis added.) R.C. 2305.113(E)(3).

**{¶ 15}** Further, the statute also lists and defines the medical providers included within the R.C. 2305.113(E)(3) definition of "medical claim."[2]

**{¶ 16}** Both parties in this appeal assert that the definition of "medical claim" set forth in R.C. 2305.113(E)(3) is plain and unambiguous. We agree. Therefore, our analysis is limited to applying the legislature's enactment and giving it effect according to its plain meaning. *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraphs one and two of the syllabus.

## III

**{¶ 17}** Bio-Medical argues that the R.C. 2305.113(A) limitations period applies even if only one portion of the R.C. 2305.113(E)(3) definition is satisfied. Specifically, Bio-Medical asserts that Stevic's claim meets the definition of

---

2. For instance, the following terms are also defined: physician, podiatrist, hospital, home, residential facility, licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, and emergency medical technician-paramedic. R.C. 2305.113(E)(1), (2), (4), (8), (13), (14), (15), (16), (17), (18), (19).

"medical claim" through the sole application of this clause: " 'Medical claim' includes * * * [c]laims that arise out of the medical diagnosis, care, or treatment of any person [when the] claim results from acts or omissions in providing medical care." R.C. 2305.113(E)(3)(b). According to Bio-Medical, because Mr. Stevic's injury resulted from the acts or omissions of the dialysis center's staff in connection with his dialysis treatment, Stevic presented a medical claim within the purview of R.C. 2305.113(E)(3).

{¶ 18} Bio-Medical may be correct that Stevic's claim arises out of the diagnosis, care, or treatment of a person. However, Bio-Medical ignores the portion of the statute that also requires that the claim be asserted against one or more of the specific medical professionals or facilities listed in R.C. 2305.113(E)(3). The term "medical claim" as defined in R.C. 2305.113(E)(3) has two components that the statute states in the conjunctive: (1) the claim is asserted against one or more of the specifically enumerated medical providers and (2) the claim arises out of medical diagnosis, care, or treatment. We must give full meaning to all of the express statutory language. See, e.g., *In re Estate of Roberts* (2002), 94 Ohio St.3d 311, 314, 762 N.E.2d 1001; *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 237, 36 O.O. 554, 78 N.E.2d 370.

{¶ 19} Therefore, based on the plain meaning of the legislature's enactment, we hold that for the purposes of the R.C. 2305.113(A) one-year statute of limitations, a medical claim under R.C. 2305.113(E)(3) is a claim that both (1) arises out of the medical diagnosis, care, or treatment of any person and (2) is asserted against one or more of the statutorily enumerated medical providers.

{¶ 20} Moreover, as the appellate court correctly concluded, because Stevic's complaint did not clearly indicate whether any of her claims were asserted against medical providers enumerated in R.C. 2305.113(E), the trial court's judgment on the pleadings in favor of Bio-Medical was premature. Remand is appropriate because further proceedings in the trial court are required

to determine whether Stevic's complaint alleges a medical claim within the purview of R.C. 2305.113.

**IV**

**{¶ 21}** For the reasons stated, the judgment of the court of appeals is affirmed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment affirmed

and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

_____

Benham & Ream Co., L.P.A., Jeffery S. Ream, and Frank L. Benham, for appellees.

Tucker, Ellis & West, L.L.P., Jane F. Warner, and Susan M. Audey, for appellant.

_____