[Cite as *Bartley v. Hearth & Care of Greenfield, L.L.C.*, 2013-Ohio-279.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| ELIZABETH BARLEY, ET AL.,[1] | : | Case No. 12CA13 |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| HEARTH AND CARE OF GREENFIELD, LLC | : | |
| | : | **RELEASED 01/28/13** |
| Defendant-Appellee. | : | |

_____
APPEARANCES:

Conrad A. Curren and Carol Ann Curren, Greenfield, Ohio, for appellants.

Danny Merril Newman Jr. and Michael M. Mahon, Reminger Co. LPA, Cincinnati, Ohio, for appellee.
_____
Harsha, J.

{¶1}   The appellants appeal the trial court's decision to dismiss their complaint after finding that it was a "medical claim" and time barred by the one-year statute of limitations.  They allege that their action is not a "medical claim," but rather one for personal injury based on a violation of nursing home resident's rights under R.C. 3721.13, and therefore not subject to the one-year statute of limitations.  However, claims brought under chapter 3721 of the revised code are also "medical claims" if the action arises from the individual's medical diagnosis, care, or treatment.  Here the basis of the appellants' complaint is that Hearth and Care of Greenfield, "fail[ed] to provide adequate medical treatment and nursing care" to Elizabeth Bartley.  So, it is clear they are "medical claims" and subject to the one-year statute of limitations.  And because it is

---

[1] It appears that appellant's name is misspelled in the caption of the trial court's entry and her last name is actually "Bartley."

also clear from the face of complaint that the action is time barred, the trial court did not err by dismissing their complaint.

## I. FACTS

**{¶2}** Elizabeth Bartley entered the nursing home, Hearth and Care of Greenfield, LLC (Hearth and Care), for rehabilitation following a surgery in May 2010. Bartley claims in her complaint that on May 10, 2010, she became severely anemic and although Hearth and Care was aware of her condition, it failed to inform her attending physician until May 12, 2010. Consequently, between May 10 and May 12, 2010, she became increasingly anxious, short of breath and experienced deteriorating vital signs. She was transferred to Adena Green Field Medical Center on May 12, 2010, and diagnosed with severe congestive heart failure due to her anemia.

**{¶3}** Nearly two years later on April 30, 2012, Bartley, along with her two children, Tina Nutt and Cleve Bartley, filed suit against Hearth and Care alleging a violation of resident's rights under R.C. 3721.13 and loss of consortium. Hearth and Care responded by filing a motion to dismiss the complaint under Civ.R. 12(B)(6), arguing that the complaint was based on "medical claims" and therefore time barred by the one-year statute of limitations. The trial court agreed and granted Hearth and Care's motion. The appellants now appeal the trial court's decision to dismiss their complaint.

## II. ASSIGNMENTS OF ERROR

**{¶4}** Initially, we point out that the appellants' brief does not include any assignments of error. Rather, they present only "issues" for our review. App.R. 16(A)(3) requires appellants to include in their brief "[a] statement of the assignments of

error presented for review, with reference to the place in the record where each error is reflected." As a result it would be within our discretion to disregard their appeal on this basis and summarily affirm the trial court's decision. *See In re Estate of Poling*, 4th Dist. No. 04CA18, 2005-Ohio-5147, ¶ 18. Nevertheless, we will recast the "issues" they present as assignments of error and consider the merits of their appeal.

{¶5} The appellants raise four assignments of error for our review:

1. "THE TRIAL COURT'S DISMISSAL WITH CITING THE EXPIRATION OF THE STATUTE OF LIMITATIONS WAS INAPPROPRIATE WHEN THE COMPLAINT DID NOT EXPLICITLY SAY ON ITS FACE THAT THE CLAIM WAS MEDICAL MALPRACTICE AND INSTEAD ALLEGED PERSONAL INJURY AND VIOLATION OF STATUTORY RIGHT AS WELL AS LOSS OF CONSORTIUM OF THE ADULT CHILDREN OF MRS. BARTLEY."

2. "THE TRIAL COURT ERRED IN DECREEING THAT THE CLAIM WAS A MEDICAL MALPRACTICE CLAIM WHEN NO DISCOVERY OR OTHER EVIDENCE HAD BEEN PRESENTED ASIDE FROM THE FACT THAT HEARTH AND CARE MET THE DEFINITION OF A 'HOME' FOR THE PURPOSES OF RC§2305.113."

3. "THE TRIAL COURT ERRED TO THE DETRIMENT OF THE PLAINTIFFS/APPELLANTS WHEN IT DISMISSED THE CASE WITHOUT AFFORDING THE PLAINTIFFS THE OPPORTUNITY TO REMOVE THE 'OFFENDING' LANGUAGE THAT HAD CONVINCED THE COURT THE CLAIMS WAS ONE FOR MEDICAL MALPRACTICE."

4. "IF THE TRIAL COURT IS CORRECT AND ANY CASE BROUGHT AGAINST A NURSING HOME IS A MEDICAL CLAIM THERE IS AN INCONSISTENCY OF SUBSTANTIVE VS. PROCEDURAL LAW. RULE 12(B)(6) IS MOST CERTAINLY PROCEDURAL IN THAT AREA OF THE STATUTE OF LIMITATIONS AS IS RC 2305.10 OUTLINING WHAT IS A MEDICAL CLAIM AND THE STATUTE OF LIMITATIONS SURROUNDING IT. BUT MAKING *ANY CLAIM* AGAINST THE CARE GIVEN AT A HOME, WHETHER IT BE THEFT, PHYSICAL ABUSE, RAPE OR MEDICAL MALPRACTICE FALL UNDER THE MEDICAL CLAIM STATUTE IS CLEARLY UNCONSTITUTIONAL."

## III. LAW AND ANALYSIS

### A. Medical Claim vs. Malpractice

{¶6}    The appellants claim that the trial court erred by granting Hearth and Care's motion to dismiss their complaint for several reasons.  First they contend that the trial court erred by "interpret[ing] the language as a medical malpractice complaint," because they did not explicitly allege medical malpractice or use the words "standard of care."  Rather, they contend that the claims in their complaint are based on personal injury and a violation of Mrs. Bartley's statutory rights.

{¶7}    However, the appellant's assertion that the trial court interpreted their claims in the complaint as medical malpractice is simply a misstatement of the facts.  In the judgment entry granting the motion to dismiss, the trial court never found that the appellants' claims were based on medical malpractice.  It did however find the "the claims in the complaint are in fact medical claims."  The terms "malpractice" and "medical claims" are distinct and not interchangeable.  *Lombard v. St. Vincent Hosp. & Med. Ctr.*, 69 Ohio St.2d 471, 473-474, 433 N.E.2d 162 (1982).  Although both malpractice claims and medical claims are subject to the same one-year statute of limitations, the Ohio Revised Code makes a distinction a between "malpractice" and "medical claims" as discussed in R.C. 2305.11(A) and 2305.113(A) respectively.  Specifically, R.C. 2305.11(A) provides that "[a]n action * * * for malpractice other than an action upon a medical * * * claim * * * shall be commenced within one year after the cause of action accrued * * *."  R.C. 2305.113(A) provides that "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued."

{¶8}    Furthermore,  as defined in R.C. 2305.113(E)(3):

> "Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.

Conversely, the "term 'malpractice' has a limited definition," and only certain professionals, including lawyers and physicians, can commit malpractice. *Lombard* at 473. *See also* R.C. 2305.11; *Hocking Conservancy Dist. v. Dodson-Lindblom Assoc., Inc.*, 62 Ohio St.2d 195, 196, 404 N.E.2d 164 (1980). Therefore, medical employees, such as, nurses and laboratory technicians, are not subject to malpractice claims, but are subject to medical claims. *Tisdale v. Toledo Hosp.*, 197 Ohio App.3d 316, 2012-Ohio-1110, 967 N.E.2d 280, ¶ 40 (6th Dist.).

{¶9}    Consequently, because the trial court never made a finding that the appellants' complaint contained a medical malpractice claim, we find their argument to be meritless and overrule their first assignment of error. Even if we were to consider the merits of their argument, for the reasons that follow, the trial court did not err by finding that the claims in the appellants' complaint were "medical claims."

### B. R.C. 2305.113

{¶10}  In their second assignment of error, the appellants contend that their complaint contains a claim brought under Mrs. Bartley's statutory rights as a resident of a nursing home, rather than a "medical claim."[2] They argue that Hearth and Care

---

[2] In their second assignment of error, the appellants again state that "[t]he trial court erred in decreeing that the claim was a medical malpractice claim * * *." However, in the argument section of their brief for this assignment of error, the appellants also address "medical claims." Therefore, we will consider the portion of their argument that concerns medical claims.

incorrectly asserts that "just because a facility falls under the name of nursing home that any claim brought against it is automatically a medical claim." However, the trial court never found that all claims against a nursing home are automatically classified as "medical claims." And after reviewing the record, we cannot find where Hearth and Care ever made such a claim. And to the extent that the appellants' contend that the trial court erred by finding that the claims in their complaint were "medical claims," we disagree.

### 1. Standard of Review

**{¶11}** We review a trial court's decision to dismiss a plaintiff's complaint de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. *See also Estep v. State*, 4th Dist. No. 09CA3088, 2009-Ohio-4349, ¶ 5. When deciding a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, trial courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 819 N.E.2d 654, 2004-Ohio-6410, ¶ 5. Dismissal is proper only if it appears beyond all doubt that the plaintiffs can prove no set of facts which would entitle them to relief. *Id.*

### 2. "Medical Claims"

**{¶12}** "Although an action for bodily injury must generally be brought within two years after the cause of action accrues, R.C. 2305.10(A), certain 'medical claims' are subject to the shorter one-year statute of limitations set forth at R.C. 2305.113." *Estate of Stevic v. Bio-Medical Application of Ohio, Inc.*, 121 Ohio St.3d 488, 2009-Ohio-1525, 905 N.E.2d 635, ¶ 8.

{¶13} R.C. 2305.113(E)(3) defines a "medical claim" as "any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility * * * and that arises out of the medical diagnosis, care, or treatment of any person." "Medical claims" also include "[c]laims that arise out of the medical diagnosis, care, or treatment of any person and that are brought under section 3721.17 of the Revised Code." R.C. 2305.113(E)(3)(c).

{¶14} The parties do not dispute that Hearth and Care qualifies as a "home" within the meaning of R.C. 2305.113 and we agree. Thus, we must only consider whether the appellants' claims arise from Mrs. Bartely's medical diagnosis, care or treatment.

{¶15} In their complaint, the appellants assert that the "nursing care that Elizabeth Bartley received at Hearth and Care was not adequate in that the staff failed to notify her treating physician of her severe anemia, and thereafter failed to recognize and treat the symptoms even though they were obvious to, and charted by, the staff," and that the "staff failed to respond to Elizabeth Bartley's complaints of anxiety and shortness of breath * * *." Thus, it is clear that the appellants' claims arise out of Hearth and Care's medical care and treatment of Mrs. Bartley. Accordingly, their claims brought under section 3721.17 of the Revised Code concerning Mrs. Bartley's resident rights are "medical claims" as defined in R.C. 2305.113(E)(3) and subject to its one-year statute of limitations.

{¶16} R.C. 2305.113(E)(3)(a) also states that "medical claims" include "[d]erivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." Therefore, the claims of Mrs. Bartley's children for loss of consortium based

on the same inadequate nursing care are also "medical claims" and subject to the one-year statute of limitations.

{¶17} A Civ.R. 12(B)(6) motion to dismiss a complaint based on a statute of limitations should only be granted where it is clear from the face of the complaint that the action is time barred. *Swanson v. Boy Scouts of Am.*, 4th Dist. No. 07CA663, 2008-Ohio-1692, ¶ 6. In the appellant's complaint they allege that the acts concerning Mrs. Bartley's medical care, treatment or diagnosis occurred between May 10 and May 12, 2010. They did not file their complaint until nearly two years later on April 30, 2012. Thus, it is clear from the face of their complaint that the action is time barred and the trial court did not err by dismissing it. Accordingly, we overrule their second assignment of error.

## C. Opportunity to Amend the Complaint

{¶18} In their third assignment of error, the appellants argue that the trial court erred by not giving them an opportunity to amend their complaint before dismissing it. However, Civ.R. 15(A) provides that after a responsive pleading has been filed "a party may amend his pleading only by leave of court or by written consent of the adverse party." And because the record shows that the appellants never filed a motion for leave to amend the complaint, there was no error.

{¶19} The appellants also assert in their third assignment of error that even if "the court found language showing a complaint for medical malpractice the other parts of the complaint should not have been dismissed." As we already noted, the other claims in the complaint by Mrs. Bartely's children are derivative claims based on her medical care and treatment. Therefore, under R.C. 2305.113(E)(3)(a) they are also

"medical claims" subject to a one-year statute of limitations. The trial court did not err by dismissing them and we overrule their third assignment of error.

### D. Claims Brought Against Nursing Homes

{¶20} Finally, in their fourth assignment of error the appellants claim that the trial court erred by finding that any case brought against a nursing home is a medical claim and "making *any claim* against the care given at a home, whether it be theft, physical abuse, rape or medical malpractice fall under the medical claim statute is clearly unconstitutional." (Emphasis sic.). As we have already indicated, the trial court never made such a finding. Rather, in its judgment entry dismissing the appellants' complaint the court explained that "a medical claim is one that is based upon medical care and brought against any of the statutorily enumerated providers. Defendant operates a nursing home which is one of the enumerated medical providers in R.C. 2305.113(E)(14)." The court also made it clear that the appellants' claims were based on their allegation that Mrs. Bartley did not receive adequate medical care from Hearth and Care. Nothing in its entry supports the appellants' contention that the court concluded every case brought against a nursing home is a "medical claim." Therefore, we overrule the appellants' fourth assignment of error.

### V. CONCLUSION

{¶21} In summary, it appears beyond all doubt that the appellants can prove no set of facts which would entitle them to relief. Even presuming all factual allegations in the complaint to be true and making all reasonable inferences in their favor, it is clear that the claims in the appellants' complaint are "medical claims" subject to the one-year statute of limitations. And because it also is clear from the face of the complaint that the

action is time barred, the trial court did not err by dismissing it.  We overrule the

appellants' four assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
William H. Harsha, Judge




## NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**