[Cite as *Lerner v. Broadview NH, L.L.C.*, 2017-Ohio-8001.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Steven D. Lerner, as Executor of
the Estate of Irene Lerner,

        Plaintiff-Appellant,

v.

Broadview NH, LLC, dba The Broadview
Rehabilitation Center of Gahanna,

        Defendant-Appellant.

:

:

:

:

:

:

:

:

No. 16AP-512
(C.P.C. No. 16CV-872)

(REGULAR CALENDAR)

---

D E C I S I O N

Rendered on September 29, 2017

---

**On brief:** *Kemp, Schaeffer & Rowe Co., L.P.A., Steven D. Rowe* and *Matthew S. Marsalka*, for appellant. **Argued:** *Matthew S. Marsalka.*

**On brief:** *Reminger Co., L.P.A., Robert V. Kish* and *Melvin J. Davis*, for appellee. **Argued:** *Melvin J. Davis.*

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1}   Plaintiff-appellant, Steven D. Lerner, the executor of the estate of Irene Lerner ("Irene"), appeals a judgment of the Franklin County Court of Common Pleas that dismissed Lerner's amended complaint against defendant-appellee, Broadview NH, LLC ("Broadview"). For the following reasons, we affirm that judgment in part and reverse it in part.

{¶ 2}   On January 27, 2016, Lerner filed suit against Greystone Health Network ("Greystone"). Approximately two weeks later, on February 9, 2016, Lerner amended his

complaint to replace Greystone with Broadview. The amended complaint asserted claims against Broadview for negligence and violations of the Ohio Nursing Home Patients' Bill of Rights, codified at R.C. 3721.13. These claims stemmed from Irene's stay at a skilled nursing and rehabilitation facility operated by Broadview. Irene entered the facility on July 26, 2014 to engage in rehabilitation after hospitalization for pneumonia.

{¶ 3} According to the amended complaint, Broadview provided Irene with subpar care. Specifically, the amended complaint stated that:

(1) Broadview's staff failed to notify Irene's physician that Irene was out of the pain medication she was scheduled to take, resulting in Irene not receiving that medication (Am. Compl. at ¶ 10, 20);

(2) Broadview's nursing staff "failed to effectively communicate with [the] physical therapy staff in a way to facilitate appropriate personal care for Irene" (Am. Compl. at ¶ 11);

(3) Broadview's staff failed to provide Irene with "adequate personal care and treatment" (Am. Compl. at ¶ 12);

(4) Broadview's staff was inattentive to Irene's bed sores, causing the bed sores to worsen (Am. Compl. at ¶ 13);

(5) Broadview's staff failed to provide Irene with clean sheets and sanitary living conditions (Am. Compl. at ¶ 14-15, 20);

(6) Broadview's staff failed to ensure that Irene's nasal cannula stayed in place (Am. Compl. at ¶ 14);

(7) Broadview's staff failed to adequately assist Irene with walking or changing position (Am. Compl. at ¶ 14);

(8) Broadview's staff did not adequately address the concerns raised by Irene's family and medical team regarding her care (Am. Compl. at ¶ 16);

(9) Broadview's staff failed to adequately visit Irene to ensure that she was stable (Am. Compl. at ¶ 20); and

(10) Broadview's staff failed to provide appropriate information to Irene's family (Am. Compl. at ¶ 20).

{¶ 4}   On August 7, 2014, Irene died of congestive heart failure at Broadview's facility.   The amended complaint asserted that Broadview's inadequate care of Irene caused Irene pain and discomfort, and resulted in the shortening of Irene's life.

{¶ 5}   Instead of answering the amended complaint, Broadview moved to dismiss it under Civ.R. 12(B)(6).   First, Broadview argued that Lerner's claims constituted "medical claims," which are subject to a one-year statute of limitations under R.C. 2305.113.   Because Lerner first asserted his claims over one year after they accrued, Broadview contended that the trial court should dismiss them for failure to meet the statute of limitations.   Second, Broadview asserted that dismissal was appropriate because Lerner failed to file an affidavit of merit as required in Civ.R. 10(D)(2).

{¶ 6}   In his memorandum in opposition to the motion to dismiss, Lerner acknowledged that his claims accrued between July 26 and August 7, 2014, and that he filed his complaint over one year later, on January 27, 2016.   Lerner, however, argued that the one-year statute of limitations did not apply to his claims because they were not medical claims.   Additionally, Lerner contended that because he did not assert any medical claims, he had no obligation to comply with Civ.R. 10(D)(2).

{¶ 7}   In a judgment entered June 17, 2016, the trial court agreed with both of Broadview's arguments and dismissed Lerner's amended complaint.   Lerner now appeals that judgment, and he assigns the following errors:

> [1.] The Trial Court erred finding that Appellant's claims were medical claims and thus erred in dismissing Appellant's claims under the one (1) year statute of limitations for medical claims.
>
> [2.] The Trial Court erred in granting the Motion to Dismiss of Broadview NH, LLC dba The Rehabilitation and Health Center of Gahanna because the Trial Court failed to construe all reasonable inferences in favor of the nonmoving party.
>
> [3.] The Trial Court erred in granting the Motion to Dismiss of Broadview NH, LLC dba The Rehabilitation and Health Center of Gahanna because it was not shown beyond doubt that Appellant can prove no set of facts in support of its claim.
>
> [4.] The Trial Court erred in its determination that an affidavit of merit was required pursuant to Civ.R. 10(D)(2).

{¶ 8}   We will begin our review with Lerner's first three assignments of error.  By those assignments of error, Lerner argues that the trial court erred in dismissing his amended complaint under Civ.R. 12(B)(6).

{¶ 9}   A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint.  *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11.  In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor.  *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.  " '[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' "  *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991).  Thus, unless a complaint conclusively shows that a claim is time barred, a court may not dismiss pursuant to Civ.R. 12(B)(6) for failure to file within the statute of limitations.  *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13.  Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo.  *Id.* at ¶ 12.

{¶ 10}   Generally, a party must file an action for bodily injury within two years after the claim accrues.  R.C. 2305.10(A).  Medical claims, however, are subject to a one-year statute of limitations.  R.C. 2305.113(A).  "Medical claims" are defined as:

> any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, * * * and that arises out of the medical diagnosis, care, or treatment of any person.  "Medical claim" includes the following:
>
> (a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;
>
> (b) Claims that arise out of the medical diagnosis, care, or treatment of any person and to which either of the following applies:
>
>> (i) The claim results from acts or omissions in providing medical care,

> (ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.
>
> (c) Claims that arise out of the medical diagnosis, care, or treatment of any person and that are brought under section 3721.17 of the Revised Code.

Former R.C. 2305.113(E)(3).[1] Thus, in order to qualify as a "medical claim," a claim must: (1) be asserted against one or more of the statutorily enumerated medical providers, and (2) arise out of medical diagnosis, care, or treatment. *Estate of Stevic v. Bio-Medical Application of Ohio, Inc.*, 121 Ohio St.3d 488, 2009-Ohio-1525, syllabus, ¶ 18-19.

{¶ 11} Here, for Broadview to obtain a dismissal via the application of R.C. 2305.113's one-year statute of limitations, the amended complaint had to conclusively show: (1) that Broadview operated one of the types of medical facilities listed in R.C. 2305.113(E)(3), and (2) each claim Lerner asserted arose out of the medical diagnosis, care, or treatment of Irene. However, Lerner has not contested the dismissal based on Broadview's failure to point to allegations establishing it as one of the enumerated medical providers. Rather, Lerner has attacked the dismissal solely on the ground that the amended complaint does not show that all his claims arose from the medical diagnosis, care, or treatment of Irene. Lerner, consequently, has waived the medical-provider issue, and he cannot rely upon it to prevail on appeal. *See Gentile v. Ristas*, 160 Ohio App.3d 765, 2005-Ohio-2197, ¶ 74 (10th Dist.) ("It is well-settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal."). We, therefore, turn to the question of whether Lerner's claims arose from the medical diagnosis, care, or treatment of Irene.

{¶ 12} As used in R.C. 2305.113(E)(3), the terms "diagnosis" and "treatment" are medical terms of art "relating to the identification and alleviation of a physical or mental illness, disease, or defect." *Browning v. Burt*, 66 Ohio St.3d 544, 557 (1993). "Care" is a general word with a broad meaning, but when placed in the context of R.C. 2305.113(E)(3), "care" means "the prevention or alleviation of a physical or mental defect or illness." *Id.* at paragraph one of the syllabus, 557.

---

[1] In this case, we apply the version of R.C. 2305.113 in effect when Lerner's claims accrued in July and August 2014. *See* 2012 Sub.H.B. No. 303 (effective Mar. 20, 2013). Hereinafter, whenever we refer to R.C. 2305.113 we mean the statute enacted by 2012 Sub.H.B. No. 303.

{¶ 13} Unquestionably, a claim for an injury that occurs during or in medical diagnosis, care, or treatment arises from medical diagnosis, care, or treatment. *See, e.g., Harris v. Youngstown Osteopathic Hosp.*, 7th Dist. No. 95 CA 129 (Aug. 26, 1998) (plaintiff asserted a medical claim when she sought recovery for burns she received from a heating pad applied as part of her post-operative treatment). However, the definition of "medical claim" also includes claims that more indirectly arise from medical diagnosis, care, or treatment. In *Rome v. Flower Mem. Hosp.*, 70 Ohio St.3d 14 (1994), the Supreme Court of Ohio considered two consolidated appeals that raised the issue of whether claims for a hospital employee's negligent use of hospital equipment while caring for a patient constituted medical claims. *Id.* at 15. In one case, a hospital employee negligently secured a patient to an X-ray table. *Id.* at 16. In the other, a hospital employee placed a patient in a wheelchair that collapsed as the employee transported the patient from physical therapy. *Id.* In both cases, the Supreme Court concluded that the negligence claims at issue were medical claims because: (1) the employees' actions were "ancillary to and an inherently necessary part" of medical treatment, (2) the injured persons were patients of the defendants and were being assisted by employees of the defendants, and (3) the employees were "required to use a certain amount of professional skill" in performing the allegedly negligent acts. *Id.* at 16-17.[2]

{¶ 14} Here, Irene was under Broadview's care. However, not all care that occurs in a medical facility constitutes "medical care" within the meaning of R.C. 2305.113(E)(3). *McFarren v. Emeritus at Canton*, 5th Dist. No. 2015 CA 00052, 2016-Ohio-484, ¶ 44; *Carte v. Manor*, 10th Dist. No. 14AP-568, 2014-Ohio-5670, ¶ 29. To differentiate between medical care and general care, courts look to whether the act or omission at issue was part of a medical test, procedure, or treatment; whether a medical professional had ordered the provision of the care that was being given (or withheld) at the time of the injury; and whether the care provided (or withheld) required any medical expertise or professional skill. *McFarren* at ¶ 44; *Haskins v. 7112 Columbia, Inc.*, 7th Dist. No. 13 MA

---

[2] Both *Browning* and *Rome* construed the definition of "medical claim" found in former R.C. 2305.11(D)(3). Both cases are relevant to the interpretation of R.C. 2305.113(E)(3) because both former R.C. 2305.11(D)(3) and 2305.113(E)(3) define "medical claim" as a claim "that arises out of the medical diagnosis, care, or treatment of any person."

100, 2014-Ohio-4154, ¶ 18; *Conkin v. CHS-Ohio Valley, Inc.*, 1st Dist. No. C-110660, 2012-Ohio-2816, ¶ 9.

{¶ 15} In his amended complaint, Lerner asserted two types of claims: negligence and violations of the Ohio Nursing Home Patients' Bill of Rights, codified at R.C. 3721.13. Broadview argues that Lerner's negligence claim is a medical claim under R.C. 2305.113(E)(3)(b)(i) because it arises from the medical care of Irene and is based on acts or omissions in providing that medical care. Broadview argues that Lerner's claim for violations of R.C. 3721.13 is a medical claim under R.C. 2305.113(E)(3)(c) because it arises from the medical care of Irene and was brought under R.C. 3721.17.[3]

{¶ 16} Construing Lerner's amended complaint broadly, we determine that he set forth ten theories of liability for negligence and violations of R.C. 3721.13. We conclude that three of those theories form the basis of medical claims: (1) Broadview's staff was inattentive to Irene's bed sores, (2) Broadview's staff failed to ensure Irene's nasal cannula stayed in place, and (3) Broadview's staff failed to deliver to Irene pain medication as scheduled. Under the first theory, Lerner alleged that Broadview failed to alleviate a physical injury that Irene suffered. Thus, claims based on this theory arise from the omission of medical treatment and care. Under the second and third theories, Lerner alleged that Broadview failed to ensure that Irene received a physician-ordered treatment (i.e., oxygen and pain medication). Thus, claims based on these theories, too, arise from the omission of medical treatment and care.

{¶ 17} With regard to the remaining theories, we conclude that the amended complaint does not include enough factual detail to determine whether they comprise medical claims. The trial court reached a different conclusion by presuming that assisting Irene in ambulating and positioning Irene in bed required the exercise of professional skill and medical judgment. Relying on its presumptions, the trial court determined that the claims arising from the allegations regarding these two aspects of care were medical claims.

{¶ 18} While evidence may ultimately prove the trial court's presumptions correct, at this stage in the proceedings, we may only consider the allegations in the amended

---

[3] Pursuant to R.C. 3721.17(I), a legally authorized representative of resident's estate has a cause of action for violation of a resident's rights under R.C. 3721.13.

complaint to determine whether Lerner's claims constitute medical claims. *See Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, ¶ 11 ("[C]ourts cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss."). None of the allegations in the amended complaint support the trial court's presumptions. Consequently, we cannot conclude that the claims based on Broadview's failures to assist Irene in ambulating and positioning are medical claims.

{¶ 19} Moreover, the amended complaint includes theories of recovery that the trial court did not consider in determining that Lerner asserted only medical claims. Those unconsidered theories include: (1) the failure of Broadview's nursing staff to communicate with the physical therapy staff, (2) the failure to provide Irene with adequate personal care and treatment, (3) the failure to provide Irene with clean sheets and sanitary living conditions, (4) the failure to adequately address the concerns of Irene's family and medical team, (5) the failure to adequately visit Irene to ensure she was stable, and (6) the failure to provide appropriate information to Irene's family. Again, in determining whether these allegations form the basis of medical claims, we are stymied by the lack of sufficient information in the amended complaint. When considering these theories, we are obliged to construe the allegations in the amended complaint in Lerner's favor. *See Volbers-Klarich*, 125 Ohio St.3d 494, 2010-Ohio-2057, at ¶ 12. Doing that, we conclude that the amended complaint does not contain sufficient factual detail to characterize the claims arising from those allegations as medical claims. We expressly note, however, that Broadview may be able to show that all or more of Lerner's claims are, in fact, medical claims through the use of evidence at some later stage of the proceedings.

{¶ 20} Because claims that arise from Broadview's failures regarding the bed sores, nasal cannula, and administration of pain medication are medical claims, the trial court properly dismissed them due to Lerner's failure to assert them prior to the lapse of the one-year statute of limitations. However, regarding the remaining theories, we conclude that the complaint does not contain sufficient factual detail to characterize the claims arising from those theories as medical claims. The trial court, therefore, erred in dismissing those claims. Accordingly, we sustain in part and overrule in part Lerner's first, second, and third assignments of error.

{¶ 21} By his fourth assignment of error, Lerner argues that the trial court erred in dismissing his claims because he failed to accompany his amended complaint with an affidavit of merit as required by Civ.R. 10(D)(2). According to Civ.R. 10(D)(2)(a),

> [e]xcept as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim * * *, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability.

The exception to Civ.R. 10(D)(2)(a), set forth in Civ.R. 10(D)(2)(b), permits a plaintiff to file with the complaint a motion for an extension of time to file the affidavit of merit, rather than the affidavit itself. If a plaintiff fails to comply with Civ.R. 10(D)(2), a defendant may move for, and a trial court must grant, a motion to dismiss pursuant to Civ.R. 12(B)(6). *Fletcher v. Univ. Hosps.*, 120 Ohio St.3d 167, 2008-Ohio-5379, paragraph one of the syllabus, ¶ 13.

{¶ 22} Here, Lerner failed to attach any affidavit of merit to his amended complaint or move to extend the time to file such an affidavit. Given this failure, the trial court correctly dismissed the claims that arise from Broadview's failures regarding the bed sores, nasal cannula, and administration of pain medication because those claims are medical claims. However, as the amended complaint does not contain sufficient information to designate the claims based on the remaining theories as medical claims, the dismissal of those claims was error at this stage of the proceedings. Accordingly, we sustain in part and overrule in part Lerner's fourth assignment of error.

{¶ 23} For the foregoing reasons, we sustain in part and overrule in part all of Lerner's assignments of error. We affirm in part and overrule in part the judgment of the Franklin County Court of Common Pleas, and we remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment affirmed in part, overruled in part;*
*cause remanded.*

BRUNNER, J., concurs.
LUPER SCHUSTER, J., concurs in part and dissents in part.

LUPER SCHUSTER, J., concurring in part and dissenting in part.

{¶ 24} The majority states it is broadly construing the claims in Lerner's amended complaint, and the majority delineates ten distinct theories of liability. Operating under this rubric, I am unable to agree in the entirety with the way the majority construes those ten theories of liability. Accordingly, I respectfully concur in part and dissent in part.

{¶ 25} I concur with the majority that Lerner's claims that (1) Broadview's staff was inattentive to Irene's bed sores; (2) Broadview's staff failed to ensure Irene's nasal cannula stayed in place; and (3) Broadview's staff failed to deliver to Irene pain medication as scheduled are all medical claims and are thus barred by the applicable statute of limitations. Additionally, I agree with the majority that we lack information to reach a conclusion as to whether the following claims meet the statutory definition of medical claims and thus do not warrant dismissal under Civ.R. 12(B)(6): (1) failure to provide Irene with adequate personal care; (2) failure to provide Irene with clean sheets and sanitary living conditions; (3) failure to address the concerns of Irene's family; and (4) failure to provide appropriate information to Irene's family.

{¶ 26} Though the majority considers "the failure to provide Irene with adequate personal care and treatment" as one claim, I would break that claim into two distinct issues: one addressing her personal care and one addressing her treatment. With that distinction, I do not agree with the majority's categorization of the remaining claims: (1) the failure of the nursing staff to communicate with the physical therapy staff; (2) the failure to provide Irene adequate treatment; (3) the failure to adequately address the concerns of Irene's medical team; and (4) the failure to adequately visit Irene to ensure she was stable. The majority concludes the amended complaint does not contain sufficient factual detail to determine whether these claims are medical claims. I disagree. These claims expressly contemplate the communication of Irene's medical team, her treatment, an assessment of whether she is "stable," and the concerns of Irene's medical team. I agree with the majority's analysis in paragraph 14 of what constitutes a medical claim and, based on that reasoning, I would conclude these remaining four claims all fall within the meaning of medical claim, either directly or indirectly as the majority explained. Accordingly, I would conclude these additional claims are time barred by the applicable statute of limitations.

{¶ 27} For these reasons, I dissent from the portion of the majority opinion sustaining Lerner's assignments of error related to these four theories of liability.

———————————