[Cite as *Wagers v. Kettering Affiliated Health Serv.*, 2020-Ohio-11.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CARL WAGERS, ADMINISTRATOR OF THE ESTATE OF MARJORIE A. SLUSHER | : | |
| | : | |
| | : | Appellate Case No. 28192 |
| | : | |
| Plaintiff-Appellant | : | Trial Court Case No. 2018-CV-2782 |
| | : | |
| v. | : | |
| | : | (Civil Appeal from |
| KETTERING AFFILIATED HEALTH SERVICES DBA SYCAMORE GLEN HEALTH CENTER | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of January, 2020.

. . . . . . . . . . .

MARK S. O'HARA, Atty. Reg. No. 0097545, P.O. Box 154, West Alexandria, Ohio 45381
      Attorney for Plaintiff-Appellant

CHARLES F. SHANE, Atty. Reg. No. 0062494, HOWARD P. KRISHER, Atty. Reg. No. 0009088, and JUSTINE Z. LARSEN, Atty. Reg. No. 0095525, 6 North Main Street, Suite 400, Dayton, Ohio 45402
      Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Carl Wagers, the administrator of the estate of Marjorie A. Slusher, appeals the trial court's dismissal of his complaint against Kettering Affiliate Health Services d/b/a Sycamore Glen Health Center ("Sycamore Glen"). The trial court dismissed the complaint without prejudice after it concluded that the complaint contained a medical claim, as defined in R.C. 2305.113, and that Wagers had failed to satisfy Civ.R. 10(D)(2), governing the pleading of such claims.

{¶ 2} We agree that the complaint contained a "medical claim." But because Wagers has failed to show that the complaint cannot be refiled, the trial court's dismissal order was not final and appealable, and we dismiss this appeal for lack of jurisdiction.

### I. Facts and Procedural History

{¶ 3} On June 19, 2018, Wagers filed an action for negligence against Sycamore Glen, a long-term health care facility, or nursing home, alleging that its failure to properly care for Slusher led to her untimely death. Slusher became a resident in 2012 and died four years later in July 2016 at the age of 78. Specifically, the complaint pertinently alleged that:

5. Marjorie Slusher was transported from Defendant's facility to the hospital on July 7, 2016, due to severe stage 3 and 4 pressure ulcers which had also resulted in

6. Marjorie Slusher having suffered a stroke.

7. Marjorie Slusher was discharged from the hospital on July 15, 2016, to a different long-term care facility but she succumbed to the pressure ulcers and their impact on her health and she died on July 23, 2016.

8. The result of Defendant's lack of contracted care, either deliberate or negligent was the direct and proximate cause of the pressure ulcers on Marjorie Slusher.

9. As a result of Defendant's actions, or lack of care, Marjorie Slusher sustained catastrophic bodily injury, endured extreme pain, mental and physical anguish, and a deterioration in her physical health that resulted in her untimely death.

{¶ 4} After filing its answer, Sycamore Glen moved to dismiss the complaint under Civ.R. 12(B)(6) on the ground that Wagers failed to comply with Civ.R. 10(D)(2), which requires that a complaint that contains a medical claim, as defined in R.C. 2305.113, be accompanied by an affidavit of merit or by a request for an extension of time to file an affidavit of merit. Opposing dismissal, Wagers argued that the complaint did not assert a medical claim, so he was not required to comply with Civ.R. 10(D)(2). The trial court agreed with Sycamore Glen and dismissed Wagers's complaint without prejudice in an order entered on October 3, 2018.

{¶ 5} Wagers appeals.

## II. Analysis

{¶ 6} Wagers's sole assignment of error alleges:

The Court errored [sic] in determining that the Appellant's claims could only be classified as medical claims [under] R.C 2305.113(E)(3) in dismissing the Complaint.

{¶ 7} A motion to dismiss made under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v.*

*Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. A court must presume that all factual allegations in the complaint are true and must make all reasonable inferences in the plaintiff's favor. *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14. Appellate review of a trial court's decision to dismiss a complaint under Civ.R. 12(B)(6) is de novo. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 12.

{¶ 8} A trial court must grant a motion to dismiss under Civ.R. 12(B)(6) if the plaintiff fails to comply with Civ.R. 10(D)(2). *Fletcher v. Univ. Hosps.*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, paragraph one of the syllabus. Civ.R. 10(D)(2) states that "a complaint that contains a medical claim * * *, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." Civ.R. 10(D)(2)(a). Alternatively, the rule allows the plaintiff to file a motion for more time to file an affidavit of merit. Civ.R. 10(D)(2)(b).

{¶ 9} Wagers argues that Civ.R. 10(D)(2) did not apply because his complaint did not contain a "medical claim."

*"Medical claim"*

{¶ 10} R.C. 2305.113 pertinently defines "medical claim" as:

[A]ny claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, * * * and that arises out of the medical diagnosis, care, or treatment of any person. "Medical claim" includes the following:

\* \* \*

  (b) Claims that arise out of the medical diagnosis, care, or treatment

of any person and to which either of the following applies:

    (i) The claim results from acts or omissions in providing

medical care.

  \* \* \*

Former R.C. 2305.113(E)(3).[1] "The terms 'medical diagnosis' and 'treatment' are terms

of art having a specific and particular meaning relating to the identification and alleviation

of a physical or mental illness, disease, or defect." *Browning v. Burt*, 66 Ohio St.3d 544,

557, 613 N.E.2d 993 (1993).[2] In this context, the word "care" means "the prevention or

alleviation of a physical or mental defect or illness." *Id.* at the syllabus.

  **{¶ 11}** "Medical claim" includes claims that "indirectly arise from medical

diagnosis, care, or treatment." *Lerner v. Broadview NH, LLC,* 2017-Ohio-8001, 98 N.E.3d

1014, ¶ 13. Included, for example, is "a claim for a hospital employee's negligent use of

hospital equipment while caring for a patient which allegedly results in an injury to the

patient." *Rome v. Flower Mem. Hosp.*, 70 Ohio St.3d 14, 635 N.E.2d 1239 (1994),

syllabus.[3] But "[n]ot all care that occurs in a hospital or nursing home involves 'medical

---

[1] We apply the version of the statute in effect from July 2012 to July 2016, the period during which Wagers's claims accrued. *See Lerner v. Broadview NH, LLC*, 2017-Ohio-8001, 98 N.E.3d 1014, ¶ 10, fn. 1 (10th Dist.) (stating that the court applied the version of R.C. 2305.113 in effect when the plaintiff's claims accrued).

[2] *Browning* construed the definition of "medical claim" in former R.C. 2305.11(D)(3). Like R.C. 2305.113(E)(3), R.C. 2305.11(D)(3) defined "medical claim" as a claim "that arises out of the medical diagnosis, care, or treatment of any person."

[3] *Rome* also construed the definition of "medical claim" in former R.C. 2305.11(D)(3), but it is relevant here for the same reason that *Browning* is relevant.

care' within the meaning of R.C. § 2305.113." *McFarren v. Canton*, 2016-Ohio-484, 59 N.E.3d 652, ¶ 44 (5th Dist.), citing *Carte v. The Manor at Whitehall,* 10th Dist. Franklin No. 14AP-568, 2014-Ohio-5670, ¶ 29. To identify medical care, as opposed to general care, courts look at whether the conduct was part of a medical test, procedure, or treatment, was ordered by a medical professional, or required medical expertise or professional skill. *Id.*; *Lerner* at ¶ 14.

{¶ 12} The Tenth District held in *Lerner* that a claim that a nursing and rehabilitation facility failed to alleviate a physical injury suffered by a patient was a medical claim under R.C. 2305.113(E)(3)(b)(i). In that case, the executor of the deceased patient brought an action against the operator of the facility claiming negligence, after the patient died of congestive heart failure at the facility. The complaint alleged that nursing-home staff was inattentive to the patient's bedsores, causing them to worsen. The appellate court found that this claim asserted a theory of liability for negligence based on staff inattentiveness to the bedsores and concluded that "claims based on this theory arise from the omission of medical treatment and care." *Lerner* at ¶ 16.

{¶ 13} Like the complaint in *Lerner*, Wagers's complaint asserted negligence against a nursing home based on the wrongful conduct of its staff in caring for a patient. Specifically, the complaint alleged that Sycamore Glen's failure to properly care for Slusher caused pressure ulcers to form on her body. The complaint alleged that the nursing home let these ulcers get so bad that Slusher had to be hospitalized and ultimately died. This claim arose from Sycamore Glen's omission of medical treatment and care, satisfying the definition of a "medical claim" under R.C. 2305.113(E)(3)(b)(i).

*Jurisdiction to review a dismissal for failure to comply with Civ.R. 10(D)(2)*

{¶ 14} Because Wagers's complaint contains a "medical claim," Civ.R. 10(D)(2) applies. The trial court dismissed the complaint without prejudice for failure to comply with this rule.

{¶ 15} The "dismissal of a complaint for failure to file the affidavit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits. The dismissal, therefore, is without prejudice." *Fletcher,* 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, at paragraph two of the syllabus; Civ.R. 10(D)(2)(d) (stating that "[a]ny dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits"). *See also Troyer v. Janis*, 132 Ohio St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶ 17 (holding that "a dismissal of a complaint for failure to attach the affidavit of merit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits and is a dismissal without prejudice by operation of law").

{¶ 16} "A dismissal without prejudice is generally not considered a final appealable order, 'because the ruling does not prevent the party from refiling.' " *Fugate v. Dayton Childrens Med. Ctr.*, 2d Dist. Montgomery No. 28228, 2019-Ohio-1471, ¶ 6, quoting *Wells Fargo Bank, Natl. Assn. v. Wick*, 8th Dist. Cuyahoga Nos. 99373, 99840, 2013-Ohio-5422, ¶ 6. That is, "[h]ypothetically, when a medical claim is dismissed for want of an affidavit of merit, that problem could be rectified in a refiling simply by including the requisite affidavit." *Fletcher* at ¶ 19. But if the appellant "is precluded from refiling as a result of the dismissal," "a dismissal without prejudice is final and appealable." *Wick* at ¶ 6, citing *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663.

{¶ 17} Here, Wagers concedes that he was not legally prevented from refiling his

complaint. Under these circumstances, "we cannot review an order dismissing a complaint because the plaintiff did not provide an affidavit of merit." *Fugate* at ¶ 7. Therefore we hold that the trial court's October 3, 2018 dismissal order was not final and appealable under R.C. 2505.02, and we lack jurisdiction to review it.

### III. Conclusion

{¶ 18} We ordered Wagers to show cause why his appeal should not be dismissed, directing the parties to address the above-discussed jurisdictional issue in their merit briefs. We conclude that Wagers has not satisfied our show-cause order. This appeal is therefore dismissed.

. . . . . . . . . . . .

WELBAUM, P.J., concurs.

FROELICH, J., dissents:

{¶ 19} I agree that an order dismissing a case without prejudice for failure to satisfy Civ.R. 10(D)(2) generally is not a final appealable order. However, because the dismissal of this case was based on an underlying legal determination about whether the complaint alleged a "medical claim," I would find that this issue is reviewable on appeal and that the trial court erred in dismissing this case.

{¶ 20} The complaint simply stated that Slusher was a resident and patient at Sycamore Glen long-term care facility for four years prior to her death. The complaint indicated that Slusher developed pressure ulcers, which resulted in her suffering a stroke. Wagers alleged that Slusher "succumbed to the pressure ulcers and their impact on her heath" and that the "direct and proximate cause of the pressure ulcers" was Sycamore Glen's "lack of contracted care."

{¶ 21} Sycamore Glen's Civ.R. 12(B)(6) motion argued that, as a matter of law, the complaint set forth a "medical claim" since the allegation that Sycamore Glen's "lack of contracted **care**" (emphasis sic) caused pressure ulcers automatically made the complaint a "medical claim" as defined in R.C. 2305.113. In other words, Sycamore Glen asserted that, by definition, Wagers's claim arose out of "the medical diagnosis, care, or treatment of any person." *See* 2305.113(E)(3) (defining a "medical claim"). Sycamore Glen thus asserted that Wagers's failure to attach the required affidavit of merit, pursuant to Civ.R. 10(D), required dismissal of the complaint.

{¶ 22} The relevant version of R.C. 2305.113(E)(3) defines a "medical claim" as including:

(a) Derivative claims for relief that arise from the plan of care, medical diagnosis, or treatment of a person;

(b) *Claims that arise out of the plan of care, medical diagnosis, or treatment of any person and to which either of the following applies:*

(i) *The claim results from acts or omissions in providing medical care.*

*  *  *

(c) Claims that arise out of the plan of care, medical diagnosis, or treatment of any person and that are brought under section 3721.17 of the Revised Code;

(d) *Claims that arise out of skilled nursing care or personal care services provided in a home pursuant to the plan of care, medical diagnosis, or treatment.*

(Emphasis added.) The term "home" includes a nursing home or a residential care

facility. *See* R.C. 2305.113(E)(14) (incorporating the definition of "home" in R.C. 3721.10.)

{¶ 23} In granting the motion to dismiss, the trial court went beyond the allegations in the complaint, finding that "properly caring for Slusher's pressure ulcers and ensuring prevention thereof requires a certain level of skill or training, which very well falls within 'claims that arise out of skilled nursing care services provided in an home pursuant to the plan of care, medical diagnosis, or treatment.'" *See* R.C. 2305.113(E)(3)(d). Regardless of whether the court's holding ultimately is accurate about what caring for and preventing ulcers requires or whether such care was part of skilled nursing home services provided pursuant to a plan of care, medical diagnosis, or treatment, such factual matters are not before the court on a Civ.R. 12(B)(6) motion to dismiss; the complaint, which must be read broadly and in favor of the plaintiff, merely alleged that Slusher's pain and eventual death were caused by "lack of contracted care."

{¶ 24} I agree with the majority that in defining whether certain conduct is medical care (i.e., the basis for a medical claim) or personal care (i.e., not the basis for a medical claim), courts must look at whether the conduct was part of a medical test, procedure or treatment, whether it was ordered by a medical professional, and whether the conduct required medical expertise or professional skill. However, at this stage of the litigation, we do not know of what conduct the "lack of contracted care" consisted.

{¶ 25} It is well established that "not all care that occurs in a medical facility constitutes 'medical care' within the meaning of R.C. 2305.113(E)(3)." *Lerner*, 2017-Ohio-8001, 98 N.E.2d 1014, at ¶ 14; *see also, e.g., Browning v. Burt*, 66 Ohio St.3d 544, 556-557, 613 N.E.2d 993 (1993) ("[N]ot all claims asserted against a hospital are 'medical

claims.' "). The same is true of long-term care facilities. To say that every alleged failure to provide "contracted care" for a "home" resident is a "medical claim" would transform *every* action performed within a nursing home, extended care or assisted living facility into medical diagnosis, care or treatment. Consider, for example, if the facility did not provide food, hydration, and toilet facilities, or did not check on a resident for weeks, or allowed an infestation of insects or rodents in the resident's room. Even if any of these directly resulted in a medical problem for the resident, it should not automatically be considered a "medical claim," despite the fact it resulted in injury.

{¶ 26} A Civ.R. 12(B)(6) motion is the legal equivalent of saying "so what?"[4] -- that is, a complaint warrants a dismissal if, assuming, as we must, that the allegations in the complaint are true, "so what?" The motion can only be granted when, as a matter of law, no claim can exist (or in this case, as a matter of law, there can only be a medical claim). The complaint alleges that Slusher entered a long-term care facility and received a "lack of contracted care"; unless we hold that everything that thereafter happens and results in medical injury is the result of "medical care," the trial court erred in dismissing the complaint pursuant to Civ.R. 12(B)(6).

{¶ 27} Finally, the trial court's dismissal without prejudice for failure to comply with Civ.R. 10(D)(2), a procedural requirement, does not mandate the dismissal of this appeal. The trial court's decision that a Civ.R. 10(D)(2) affidavit was required was based on the underlying legal determination that the complaint had brought a "medical claim" requiring the affidavit of merit. Although Wagers arguably can refile the action with an affidavit of

---

[4] *See, e.g., Wright v. Bush,* E.D. Mich. No. 2:16-12644, 2017 WL 3224660 (July 5, 2017).

merit, he would have no recourse to test whether the trial court's underlying legal determination was correct. If Wagers's claims actually were not medical claims (and thus this case did not require an affidavit of merit), he would never be able to appeal such a legal determination, since every filing without what the plaintiff believes to be an unneeded affidavit would be dismissed without prejudice and the aggrieved party would be in an infinite loop of filing, dismissal at the trial level, dismissal at the appellate level, refiling, and so on. At some point, any claim could be precluded by the relevant statute of limitations.

Copies sent to:

Mark S. O'Hara
Charles F. Shane
Howard P. Krisher
Justine Z. Larsen
Hon. Gregory F. Singer